IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NIT WANG, | ) | 4:13CV3161 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA PUBLIC POWER DISTRICT, | ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Nit Wang ("Plaintiff") filed his Complaint in this matter on September 6, 2013. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against the Nebraska Public Power District ("NPPD"). (Filing No. 1 at CM/ECF p. 1.) Rather than setting forth any allegations in the body of the Complaint, Plaintiff refers the court to his Charge of Discrimination filed with the Nebraska Equal Employment Opportunity Commission on January 25, 2013. (*Id.* at CM/ECF pp. 2-3.)

Plaintiff alleges in his Charge of Discrimination that he is "Black from Sudan." (*Id.* at CM/ECF p. 9.) He was employed by the NPPD from May 17, 2004, until his resignation on September 14, 2012. (*Id.* at CM/ECF pp. 9-10.) Condensed and summarized, Plaintiff alleges that NPPD failed to promote him because of his race and national origin. Specifically, on June 5, 2012, Plaintiff applied for the position of System Control Supervisor. He was informed by a manager that he did not receive the position because "someone with better qualifications had been hired." (*Id.* at

CM/ECF p. 9.)  Plaintiff alleges that this given reason was false, as the person hired had less experience and education than Plaintiff.  (*Id.*)  Plaintiff alleges that the actual reason Plaintiff did not receive the promotion is because of his race and national origin.  (*See generally id.* at CM/ECF pp. 9-10.)

Plaintiff also alleges that he was harassed by employees.  After he complained about this harassment, a manager informed him that "he could not be hired for any other positions because [he] had complained."  (*Id.* at CM/ECF p. 10.)  Plaintiff alleges that NPPD refused to investigate Plaintiff's complaints about harassment and "the lack of promotion."  (*Id.*)  Plaintiff alleges that during his time at NPPD, he applied for 18 positions and was never hired for any of them.  (*Id.*)

As relief, Plaintiff seeks unspecified monetary damages to compensate him for loss of employment, distress, and humiliation.  (*Id.* at CM/ECF p. 5.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e)(2).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

2

liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Plaintiff's claims are brought pursuant to Title VII of the Civil Rights Act. Title VII states that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The right-to-sue notice attached to Plaintiff's Complaint reflects that Plaintiff filed suit in this court within 90 days of his receipt of the right-to-sue notice from the United States Equal Employment Opportunity Commission. (*See* Filing No. 1 at CM/ECF p. 7.) *See* 42 U.S.C. § 2000e-5(f)(1) (a charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on a charge of discrimination).

As set forth above, Plaintiff alleges that he is a black male from Sudan. (Filing No. 1 at CM/ECF p. 9.) He alleges that he did not receive a promotion that he applied for, and he was told it was because someone "with better qualifications" had been hired instead. (*Id.*) Plaintiff alleges that this stated reason was not credible where the person hired was much less qualified, and the actual reason he did not receive the promotion is because he is black and from Sudan. (*Id.*) Based on these allegations, the court finds that, liberally construed, Plaintiff has stated a Title VII claim against Defendant upon which relief may be granted, and that service on Defendant is now warranted. *See Wright v. First Student, Inc.*, 710 F.3d 782, 784 (8th Cir. 2013)

(holding that, in light of the liberal construction afforded pro se complaints, employee stated an employment-discrimination claim where he alleged that employer gave a non-credible reason for firing him and the real reason was because he is African American, disabled, and over age 55).

Liberally construed, Plaintiff also alleges a retaliation claim under Title VII. To establish a prima facie case of retaliation under Title VII, an employee must show that he engaged in protected activity, he suffered a materially adverse employment action that would deter a reasonable employee from making a charge of employment discrimination, and there is a causal connection between the protected activity and the adverse action." *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 801-02 (8th Cir. 2011) (internal quotation marks and citation omitted).

Here, Plaintiff alleges he engaged in protected conduct when he complained to managers that he was being harassed by coworkers. Following his complaint, a manager informed him that he "could not be hired for any other positions because [he] had complained." (Filing No. 1 at CM/ECF p. 10.) Throughout his employment, Plaintiff "applied for at least 18 positions," but was never hired. (*Id.*)

Liberally construed, Plaintiff has alleged sufficient facts to nudge his Title VII retaliation claim across the line from conceivable to plausible, and that service on Defendant is now warranted. Although the court finds that Plaintiff's claims may proceed against Defendant, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint, and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Title VII claims against Defendant may proceed and service is now warranted.

2. To obtain service of process on Defendant, Plaintiff must complete and return the summons form that the Clerk of the court will provide. The Clerk of the court shall send ONE summons form and ONE USM-285 form to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint, to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

4. [Fed. R. Civ. Pro. 4](#) requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

6. The Clerk of the court is directed to set a case management deadline with the following text: "**March 6, 2014**: Check for completion of service of summons."

7.      The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.  Plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal of this matter without further notice.

DATED this 7th day of November, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.