IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

**NIT WANG,**

            **Plaintiff,**

vs.

**NEBRASKA PUBLIC POWER DISTRICT (NPPD),**

            **Defendant.**

**4:13CV3161**

**ORDER**

      This matter is before the court on the plaintiff's Motion for Request of the Place for Trial (Filing No. 28). The plaintiff filed an affidavit (Filing No. 29) in support of his motion. The plaintiff seeks to have the trial of this matter held in Omaha, Nebraska. The defendant opposes having the trial held in Omaha, rather than in the location it was originally filed, Lincoln, Nebraska. The defendant filed a brief (Filing No. 33) and an affidavit (Filing No. 32) in opposition to the plaintiff's motion.

**BACKGROUND**

      This case arises from the plaintiff's employment with the defendant from May 17, 2004, until his resignation on September 14, 2012. **See** Filing No. 1 - Complaint. The plaintiff alleges he was subjected to racial harassment by co-workers and discrimination and retaliation when the defendant failed to promote him because he complained about the harassment. *Id.* The plaintiff alleges he is a black male from Sudan. *Id.* After an initial review, the court allowed the plaintiff to proceed on discrimination and retaliation claims, pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. **See** Filing No. 6.

      The plaintiff filed this action in the United States District Court for the District of Nebraska, Lincoln Division. **See** Filing No. 1. For this reason, the matter was designated for trial in Lincoln, Nebraska. **See** NECivR 40.1(c). Prior to filing an answer, the defendant filed a request for place of trial in Lincoln. **See** Filing No. 11.

      On April 11, 2014, the plaintiff filed the instant motion to change the place of trial to Omaha, Nebraska. **See** Filing No. 28. The plaintiff states he now wants to have trial in Omaha due to his change of circumstances. The plaintiff states Omaha is a more

convenient location for him for financial reasons because he has family in the Omaha area and he no longer lives near Lincoln, Nebraska. *Id.*; Filing No. 29. The plaintiff states there are witnesses who will fly from outside the state and would also be able to stay with his family in Omaha. *Id.* The plaintiff argues he will receive emotional and other support from his family in Omaha. *Id.* By contrast, the plaintiff contends trial in Lincoln would create an undue financial hardship. *Id.* The plaintiff provides a witness list including eight individuals: three from outside of Nebraska, two from Omaha, Nebraska, one from Grand Island, Nebraska, and two from Aurora, Nebraska. *Id.* Ex. D.

The defendant contends trial is more convenient for it and the relevant witnesses in this case in Lincoln, Nebraska. **See** Filing No. 33. The defendant states the plaintiff previously worked at the defendant's Doniphan, Nebraska, location, which is 93 miles from Lincoln, Nebraska, and 144 miles from Omaha. *Id.*; Filing No. 32. The defendant states it is likely to call twelve witnesses from Doniphan, Nebraska, and other witnesses from Grand Island, York, and Columbus, which are relatively closer to Lincoln than Omaha. *Id.* The defendant argues the witnesses listed by the plaintiff do not have relevant evidence for trial because they never worked for the defendant. *Id.* Finally, the defendant argues the plaintiff overstates the financial burdens of trying the matter in Lincoln because during the trial the plaintiff could still drive to Lincoln and stay with his family in Omaha.

## ANALYSIS

In deciding the place of trial, "a judge considers the convenience of litigants, witnesses, and attorneys." NECivR 40.1(b)(1). Such consideration involves weighing the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district to another or from one division within a district to another. **See** 28 U.S.C. § 1404(a). Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another district. *Id.* Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a

factor to be considered, is seldom of controlling weight.  *Standard Office Sys. v. Ricoh Corp.*, 742 F. Supp. 534, 537 (W.D. Ark. 1990).  The court's local rules contain no provision similar to the provision contained in section 1404(a) regarding consideration of the "interest of justice."  **Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(1) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted.  **See** NECivR 40.1(b); **compare** *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) (movant bears burden under section 1404(a)).  A change in the forum should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant.  **See** *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1994); *Gen. Comm. of Adjustment v. Burlington N.R.R.*, 895 F. Supp. 249, 252 (E.D. Mo. 1995).  A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other.  *Nelson v. Bekins Van Lines Co.*, 747 F. Supp. 532, 535 (D. Minn. 1990) (**citing** *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)); **see also** *Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990).

The plaintiff initially chose Lincoln, Nebraska, as the location of trial.  However, the plaintiff seeks to move trial to Omaha, Nebraska, due to a change in his circumstances.  The convenience to the plaintiff, who is proceeding pro se, and a few out-of-state witnesses does not support holding trial in Omaha, Nebraska.  For the defendant and a vast majority of potential witnesses, Lincoln appears to be a more convenient location for trial.  Further, there has been no showing that any witness would suffer particular burden by having to travel to Lincoln or commute daily to Lincoln for trial.  Additionally, any parties or witnesses residing outside of Nebraska may just as conveniently travel to Lincoln as to Omaha, Nebraska.  The relative convenience of trial to the witnesses near Lincoln outweighs the convenience to the plaintiff in having trial in Omaha.  After reviewing the materials submitted by the parties at this time, the court finds that, upon consideration of all factors pursuant to NECivR 40.1(b)(1), the place of trial should be Lincoln, Nebraska.  Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion for Request of the Place for Trial (Filing No. 28) is denied.

2. Trial in this matter will be held in Lincoln, Nebraska.

Dated this 2nd day of May, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge