IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

**NIT WANG,**

        **Plaintiff,**

vs.

**NEBRASKA PUBLIC POWER DISTRICT (NPPD),**

        **Defendant.**

4:13CV3161

**ORDER**

This matter is before the court on the plaintiff's Motion to Reverse the Quashed Subpoena (Filing No. 41). The plaintiff filed evidence attached to the motion. The plaintiff requests the court reconsider the September 23, 2014, Order (Filing No. 39) granting the defendant's Motion to Quash Subpoena (Filing No. 37). The defendant did not file a response.

**BACKGROUND**

This case arises from the plaintiff's employment with the defendant from May 17, 2004, until his resignation on September 14, 2012. **See** Filing No. 1 - Complaint. The plaintiff alleges he was subjected to racial harassment by co-workers and discrimination and retaliation when the defendant failed to promote him because he complained about the harassment. *Id.* The plaintiff alleges he is a black male from Sudan. *Id.* After an initial review, the court allowed the plaintiff to proceed on discrimination and retaliation claims, pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. **See** Filing No. 6. The defendant denies liability on the plaintiff's claims alleging the plaintiff was a Systems Control Engineer, who had been placed on an extended performance improvement plan and did not receive various promotions because he did not meet the minimum qualifications for the positions or better-qualified candidates filled the positions. **See** Filing No. 13 - Answer.

On February 3, 2014, the court authorized the parties to begin discovery. **See** Filing No. 15. The February 3, 2014, order set deadlines for discovery and scheduled the case to trial. *Id.* On April 3, 2014, the court held a planning conference with the

parties. During the conference, the court rescheduled trial, to be held on January 20, 2015, and extended the discovery deadline until May 30, 2014. **See** Filing No. 25.

On September 5, 2014, the defendant file a motion to quash a subpoena issued on July 29, 2014, by the court on behalf of the *pro se* plaintiff. **See** Filing No. 37. The subpoena sought to have the defendant produce documents described as: "Emails throughout Nit Wang's employment period (May 17, 2004 - September 14, 2012)." *Id.* at 4. The defendant opposed compliance with the subpoena because the subpoena was issued after the end of the discovery period, the request for production was overly broad, and relevant responsive documents were previously produced. *Id.* at 2-3. The plaintiff did not file a timely response to the motion to quash. On September 23, 2014, the court granted the defendant's motion to quash finding the plaintiff failed to show good cause for failure to comply with the April 4, 2014, progression order (Filing No. 25), authorizing the parties to serve written discovery requests, including requests for production or inspection of documents, only until May 30, 2014. **See** Filing No. 39. No party sought an extension of the discovery deadline. In addition, the plaintiff failed to show any relevant previously unproduced Emails exist. *Id.*

On October 6, 2014, the plaintiff filed the instant motion. **See** Filing No. 41. The plaintiff argues the defendant is playing games by delaying discovery production beyond the deadline, then refusing to produce documents it had previously agreed to produce. *Id.* The plaintiff denies the subpoena is a "request for production" as contemplated by the court's discovery deadline. *Id.* The plaintiff writes, "For further detail of the defendant's refusal, see attached email." *Id.* (referencing p. 2). The attachment, an April 16, 2014, email indicates counsel for the defendant provided the plaintiff with his contact information, then stated he had encountered a problem with his email system on the same date. *Id.* at 2. The plaintiff responded to both contacts by requesting "all [of his] employment records, i.e., all yearly reviews and Emails pertaining to any Communication about 'Nit Wang through his employment by NPPD.'" *Id.* The evidence does not include the defendant's response to the plaintiff's request for discovery. **See** *id.*

## ANALYSIS

A party to a federal lawsuit may obtain documents relevant to the matter through discovery as authorized by the Federal Rules of Civil Procedures.  Rule 34 authorizes:

> A party may serve <u>on any other party a request</u> within the scope of Rule 26(b):
> (1) <u>to produce</u> and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
> (A) <u>any designated documents</u> or electronically stored information. . . .

Fed. R. Civ. P. 34(a) (emphases added).

While Rule 34 applies only to parties involved in a case, "a <u>nonparty</u> may be compelled to produce documents and tangible things or to permit an inspection" under Rule 45.  Fed. R. Civ. P. 34(c) (emphasis added); **see** Fed. R. Civ. P. 45.  Rule 45 governs the issuance and content of subpoenas.  Since the defendant is a party, Rule 34 applies and the court construes the plaintiff's subpoena as a request for production of documents.

The federal rules require the court to impose limits on the parties' time to complete discovery, including discovery sought through Rule 34 and Rule 45.  **See** Fed. R. Civ. P. 16(b)(3).  The May 30, 2014, discovery deadline set by the court in this case included all discovery from parties and nonparties.  **See** Filing No. 25.  The plaintiff acknowledges this deadline and that he was apprised by the court of the parties' duty to confer in good faith prior to involving the court in discovery disputes.  **See** Filing No. 41 - Motion p. 1; **see also** Fed. R. Civ. P. 37(a)(1); NECivR 7.1(i).  The plaintiff provides evidence of only one attempt requesting the disputed discovery.  **See** Filing No. 41 - Motion p. 2.  Further, the single attempt, nearly one month prior to the discovery deadline, was an informal Email, which failed to substantiate the plaintiff's legal or factual justification for the discovery sought.  *Id.*  Accordingly, the court finds the plaintiff failed to meet his burden of showing he made "sincere attempts" through "personal consultation" to obtain the disputed discovery, nor did he seek court involvement in advance of the discovery deadline.  **See** NECivR 7.1(i).  In fact, the plaintiff did not

respond to the defendant's motion to quash the subpoena or seek court involvement until after the court ruled on the defendant's motion.

In any event, discovery must remain with the scope of Rule 26(b). **See** Fed. R. Civ. P. 34(a). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" **WWP, Inc. v. Wounded Warriors Family Support, Inc.**, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)). Accordingly, relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." **Oppenheimer Fund, Inc. v. Sanders**, 437 U.S. 340, 351 (1978). "However, the proponent of discovery must make '[s]ome threshold showing of relevance . . . before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.'" **Prism Tech., LLC v. Adobe Sys., Inc.**, 284 F.R.D. 448, 449 (D. Neb. 2012) (alterations in original) (**quoting Hofer v. Mack Trucks, Inc.**, 981 F.2d 377, 380 (8th Cir. 1992)). Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." **Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton**, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted).

Generally, the court has authority to limit the scope of discovery. **Roberts v. Shawnee Mission Ford, Inc.**, 352 F.3d 358, 361 (8th Cir. 2003). The Federal Rules authorize the court to limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Moreover, the court may also limit discovery after considering "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action,

4

and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

The plaintiff has failed to meet his burden of demonstrating the relevance of the discovery sought. The request seeks "Emails throughout Nit Wang's employment period (May 17, 2004 - September 14, 2012)." **See** Filing No. 37 p. 4. The overly broad request fails to provide any subject matter limitation. The plaintiff has failed to suggest how all of the emails pertaining to any communication about him over an eight-year period might bear on the claims alleged in his Complaint. In the plaintiff's motion for review, the plaintiff appears to limit the time frame to the last 300 days of his employment, as suggested by the defendant. **See** Filing No. 41 - Motion p. 1; Filing No. 37 - Motion to Quash p. 2. Nevertheless, the defendant states the documents may contain confidential information related to the plaintiff's work in operations as a Systems Control Engineer, but unrelated to the employment dispute. **See** Filing No. 37 - Motion to Quash p. 2. The defendant also argues production would include an "enormous volume" of messages, which would have to be reviewed for confidentiality concerns within a time period too short under the requirements of the subpoena, imposing undue burden and expense on the defendant. *Id.* Finally, the defendant contends production of the relevant documents is duplicative of the records previously obtained by the Nebraska Equal Opportunity Commission, which documents the plaintiff has. *Id.* at 2-3. The plaintiff fails to describe any particular document or category of documents he considers is missing from the previous production. Accordingly, the plaintiff fails to show outstanding relevant documents exists. For these reasons, the plaintiff's motion will be denied. Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion to Reverse the Quashed Subpoena (Filing No. 41) is denied.

Dated this 24th day of October, 2014.

                                                    BY THE COURT:

                                                   s/ Thomas D. Thalken
                                                   United States Magistrate Judge